UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KAREN ARWOOD and RAYMOND ARWOOD, | ) ) ) | **2:23-CV-44** |
| Plaintiffs-Appellants, | ) ) | |
| vs. | ) ) | |
| HAMBLEN COUNTY JAIL, et al., | ) ) | |
| Defendants-Appellees. | ) | |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's notice of appeal [Doc. 18] and motion for leave to appeal *in forma pauperis* [Doc. 21]. Under the Prison Litigation Reform Act of 1995, a prisoner who files an appeal of a judgment in a civil action must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff-Appellant Raymond Arwood[1] has not paid the required $402.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff-Appellant has filed a copy of his inmate trust account, but it is not certified by a prison official.

The Clerk is **DIRECTED** to send Plaintiff-Appellant an inmate account form to be certified by the appropriate officer at his facility. Plaintiff-Appellant is **DIRECTED** to show this

---

[1] In the motion to proceed *in forma pauperis*, Plaintiff-Appellant asks the Court to acknowledge the pending Motion for Non-Suit [Doc. 16], in which Karen Arwood requests that her claims be voluntarily dismissed. Pursuant to Federal Rule of Appellate Procedure 42(a), a district court may only grant an appellant's motion to dismiss an appeal before the appeal has been docketed by the circuit clerk. In this case, the appeal was docketed by the Sixth Circuit on October 10, 2023. [Doc. 19].

order to that officer, i.e., the custodian of trust accounts at his current facility, who is **DIRECTED** to timely make a copy of Plaintiff-Appellant's inmate trust account statement, to complete and sign the certificate, and to provide Plaintiff-Appellant with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff-Appellant's notice of appeal.

Plaintiff-Appellant shall have **thirty (30) days** from the date of entry of this order to pay the full filing fee or to submit the necessary documents. Plaintiff-Appellant is hereby **NOTIFIED** that if he fails to fully and timely comply with this order or pay the filing fee, the Court shall presume that Plaintiff-Appellant is not a pauper.

Plaintiff-Appellant is **ORDERED** to immediately inform the Court and Defendants-Appellees of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

      **SO ORDERED:**

/s/Cynthia Richardson Wyrick  
UNITED STATES MAGISTRATE JUDGE
